28 C.C.P.A.(Patents)

## UNIVERSAL PAPER PRODUCTS CO. v. BEMIS BROS. BAG CO.

### Patent Appeal No. 4380.

Court of Customs and Patent Appeals.

Jan. 6, 1941.

Richard Spencer, of Chicago, Ill., for appellant.

Delos G. Haynes, of St. Louis, Mo. (John D. Pope, III, of St. Louis, Mo., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents in a trade-mark proceeding, reversing a decision of the Examiner of Interferences sustaining the opposition of appellant to the application of appellee for registration of the trade-mark "VEE-TUX" as applied to "combination fabric and paper bags for containing pulverized, granular or lump material, and the like."

Appellant is the owner of the trade-mark "VEECUP", for paper cups, which was duly registered in the United States Patent Office over one year before the claimed date of first use by appellee of its mark. Illustrations in the record indicate that the appellant's mark is sometimes written "VEE CUP", and sometimes "Vee Cup".

Appellant alleged in its notice of opposition that the two trade-marks are confusingly similar, that the goods of the respective parties to which the marks are applied are of the same descriptive properties and

that the simultaneous use of the marks by the parties is likely to cause confusion in the minds of the purchasing public.

No testimony was taken. The record consists of a stipulation in which it is agreed that appellant, since the date of adoption, has continuously used its mark upon paper drinking cups, upon cartons in which the cups are packed for shipment, and upon dispensers in which the cups are held and from which they are removed by users; that the goods of appellee are combination fabric and paper bags; that the goods of both parties are sold largely to the same class of purchasers, namely, purchasing officers for companies and corporations, but that the purchasing officers likewise arrange for the purchase of automobiles, medicines, food products, furniture, typewriters, stationery, pipe, etc.; that appellant has enlarged the scope of its manufacturing operations and at the time of filing the stipulation was selling soda cups and sundae dishes made of paper under its trade-mark, and that it intends to continue expanding its business by manufacturing the same wide assortment of paper products as are being made by its competitors; that it is customary for manufacturers such as appellant to make and sell paper containers and products of various and sundry types to the extent of several hundred in number; that neither party is aware that there is a single manufacturer in the United States making and selling both paper cups and combination paper and fabric bags, nor has there been for the past twenty years; and that the parties are not competitors.

The Examiner of Interferences was of opinion that the goods of the parties possess the same descriptive properties and that the marks resemble each other to such an extent that their concurrent use upon their respective goods is reasonably likely to cause confusion. Accordingly, the examiner sustained the opposition and held the appellee was not entitled to the registration for which it had applied.

The Commissioner of Patents, reversing the decision of the Examiner of Interferences, held the goods not to be of the same descriptive properties, and because of this holding he stated that under the authority of General Mills, Inc. v. Freed, 89 F.2d 664, 24 C.C.P.A., Patents, 1171, the similarity of the marks is immaterial.

The specimen which is before us indicates that the bags of appellee are of heavy and strong paper-like material. They are well made and apparently are designed to contain heavy substances, such as sugar, flour, meal, or other similar things commonly sold in grocery stores.

It is clear to us that the goods of the parties specifically differ, but it is equally apparent that both are containers of types usually adapted for food products.

The Examiner of Interferences stated in his decision: " * * * Containers of this sort commonly vary in structure and materials according to the character of the goods they are designed to hold, and it would not seem unusual for a manufacturer specializing in paper or similar products such as containers to make a number of different kinds thereof from materials appropriate for their intended uses."

We believe that this statement is proper, particularly in view of the agreement shown in the stipulated facts that " * * * it is customary on the part of companies engaged in the same line of manufacture as the opposer [appellant] to manufacture and sell paper containers and paper products of various and sundry types."

We hold it to be immaterial that neither party is aware that any single manufacturer in the United States makes and sells paper cups and combination fabric and paper bags and has not done so in the past twenty years. Trade practices change from time to time and it would seem that it would not be departing from normal trade expansion for a manufacturer of goods such as are made by appellant to also engage in the manufacture of other temporary containers of paper or partly of paper such as the bags of appellee.

■■ In determining whether or not the goods here involved are of the same descriptive properties, "controlling consideration must be given to the question as to whether or not the goods are similar *to the extent that confusion, deception, or mistake will result to the public or to purchasers.*" California Packing Corporation v. Tillman & Bendel, Inc., 40 F.2d 108, 110, 17 C.C.P.A., Patents, 1048, 1051 (italics ours). In our opinion the goods here involved are similar to that extent. They do more than merely respond to the general definition of the word "container." Any box or bottle, drawer or bookcase would certainly answer to such a definition. However, the general definition, as we see it, to which the involved goods should respond for

trade-mark purposes, is that of a temporary paper or paper-like container. The goods of the parties here are designed for temporary use. They are made of paper or partly of paper, and feel like paper. They are cheap and easily deformed or destroyed. The involved goods possess at least as much the same descriptive properties as this court held were possessed by horse-radish, olive spread, cranberry jelly and tea and coffee in the case of Cheek-Neal Coffee Co. et al. v. Hal Dick Mfg. Co., 40 F.2d 106, 17 C.C.P.A., Patents, 1103, and the wheat flour and dried fruits in the case of California Prune & Apricot Growers Ass'n v. Dobry Flour Mills, Inc., 101 F.2d 838, 26 C.C.P.A., Patents, 910.

In "VEE-TUX" and "VEECUP" the first syllables are identical and the last syllables differ. We do not think the fact that the mark "VEE-TUX" is hyphenated renders that mark much less similar to "VEECUP" than if it were a unitary notation. While it is true that there is some difference in appearance between the marks, nevertheless they sound very much the same when pronounced, and when considered as a whole we believe that their resemblances appear to predominate over their differences, so that their concurrent use on goods of the same descriptive properties, in our opinion, is likely to give rise to confusion. See McKinnon & Co. v. Hy Vis Oils, Inc., 88 F.2d 699, 24 C.C.P.A., Patents, 1105; Bon Ami Co. v. McKesson & Robbins, Inc., 93 F.2d 915, 25 C.C.P.A., Patents, 826.

In view of what has been stated it is unnecessary to consider the question as to whether or not the mark sought to be registered is descriptive of the goods to which it is applied, as was urged by the appellant.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.

GARRETT, Presiding Judge, dissents.